# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE COPE, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| SOUTHWEST RECOVERY ) | **JURY TRIAL** |
| SERVICES, INC. A/K/A RCS ) | |
| CREDIT SOLUTIONS, ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant | |

## COMPLAINT

JAMIE COPE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SOUTHWEST RECOVERY SERVICES, INC. a/k/a RCS CREDIT SOLUTIONS ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant conducts business in the State of Oklahoma; therefore, personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.   Plaintiff is a natural person residing in Okarche, Oklahoma 73762, at the time of the alleged harassment.

6.   Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

7.   Defendant is a national debt collection company with its corporate headquarters located at 2591 North Dallas Parkway, Suite 300, Frisco, Texas 75304.

8.   Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12.    The alleged debt, medical bill, arose out of transactions, which were primarily for personal, family, or household purposes.

13.    Beginning in or around May 2013, and continuing through August 2013, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone seeking and demanding payment of an alleged debt.

14.    When calling Plaintiff, Defendant identified itself, at times, as RCS Credit Solutions.

15.    Defendant published the phone number (214) 628-8511 on Plaintiff's caller id.

16.    The undersigned called (214) 628-8511 and confirmed that this number belongs to Defendant, Southwest Recovery Services.

17.    Furthermore, when the undersigned called (214) 628-8511 outside normal business hours, a pre-recorded message is played identifying the company

as "RCS Credit Solutions."   The pre-recorded message gives the caller several options, including speaking with the processing department or a credit specialist; however, if the caller remains on the phone, another pre-recorded message is played identifying the company as "Southwest Recovery Services."

18.     During the relevant period, Defendant called Plaintiff, on average, one (1) to four (4) times a day, causing Plaintiff to receive more than ten (10) collection calls a week.

19.     Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

20.     In addition to the quantity of its calls, Defendant also used the content of its collection calls as a means to harass Plaintiff.

21.     For example, on at least one occasion, Defendant's collectors threatened to report Plaintiff to the District Attorney if she did not pay the alleged debt.

22.     The failure to repay a medical bill is not a criminal offense in the State of Oklahoma.

23.     Upon information and belief, Defendant made the above threat seeking to take advantage of her lack of knowledge about such things to scare her

into paying the alleged debt, knowing Plaintiff had committed no crime and knowing that the District Attorney would have no interest in the situation.

24.     Further, Plaintiff understood that Defendant was implying that it was going to take legal action against her for the alleged unpaid debt.

25.     At the time Defendant made this threat, it did not intend to take the action it threatened and legally could not take the action it threatened, as Plaintiff believes that this is a bill that should have been paid by her insurance company and she disputes owing the alleged debt.

26.     Upon information and belief, the statements by the collectors were made by laypersons who knew there was no intent to take any of the action threatened.

27.     Most recently, on August 6, 2013, at 10:12 a.m. Defendant contacted Plaintiff seeking and demanding payment of the alleged debt.

28.     Finally, within five (5) days of its initial communication with Plaintiff regarding the alleged debt, Defendant failed to send Plaintiff information regarding her rights to dispute the debt and/or request verification of the debt.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

## COUNT I

a.    A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by calling Plaintiff, on average, one (1) to four (4) times a day, causing her to receive more than ten (10) collection calls a week, with the intent of harassing Plaintiff into paying the alleged debt.

## COUNT II

a.    A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b.    A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c.   A debt collector violates § 1692e(7) of the FDCPA by falsely representing or implying that the consumer committed a crime or other conduct in order to disgrace the consumer.

d.   Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

e.   Here, Defendant violated §§ 1692e, 1692(5), 1692(7) and 1692e(10) of the FDCPA when it threatened to report Plaintiff to the District Attorney's Office and implied that it would take legal action against Plaintiff, when it did not intend to take the action it threatened and did not have the legal authority to take the threatened action, as well as when it falsely stated that she owed a debt on a medical bill when such bill was, or should have been, paid by her health care insurance.

**COUNT III**

a.   A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.   Here, Defendant violated § 1692f of the FDCPA by using a

name, "RCS Credit Solutions," as opposed to its true name when calling Plaintiff, which only served to confuse her as she did not understand the relationship between Defendant and RCS Credit Solutions, and other unfair and unconscionable actions it engaged in when attempting to collect a debt.

## COUNT IV

a.     A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a

statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.     Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMIE COPE, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMIE COPE, demands a jury trial in this case.


RESPECTFULLY SUBMITTED,

DATED: May 7, 2014                KIMMEL & SILVERMAN, P.C.

By:   /s/ Tara L. Patterson
     Tara L. Patterson
     PA Attorney ID No. 88343
     Kimmel & Silverman, P.C.
     30 E. Butler Pike
     Ambler, PA 19002
     Phone: (215) 540-8888 ext. 103
     Fax: (877) 788-2864
     Email: tpatterson@creditlaw.com